**Mark PENGILLY and Susan Lynn, Plaintiffs,**

v.

**MULTNOMAH COUNTY, Defendant.**

**Civ. No. 92–207–RE.**

United States District Court, D. Oregon.

Dec. 18, 1992.

Mark E. Pengilly, Portland, OR, for plaintiffs.

Laurence Kressel, County Counsel, Peter Livingston, Asst. County Counsel, Portland, OR, for defendant.

## OPINION

REDDEN, Chief Judge:

Plaintiffs challenge the constitutionality of a condition defendant has placed on issuance of a building permit. The parties cross-move for summary judgment. For the reasons which follow, defendant's motion is granted and plaintiffs' motion is denied.

BACKGROUND

Plaintiffs own land on N.W. McNamee Road in Multnomah County, Oregon. McNamee Road runs through an area zoned Multiple Use Forest, with a 19–acre minimum parcel size. Over its 4.5 miles in length, the width of the road varies from 40 to 60 feet.

Oregon Revised Statute 368.016 requires that any public road designated as a county road after August 2, 1951 be 50 feet wide or wider. Because McNamee Road became a county road prior to 1951, ORS 368.016 does not apply to it. County policy nonetheless requires that when new residences are permitted on McNamee Road, the owner dedicate such land adjacent to the road as is needed to bring it up to standard width.

On or about November 17, 1990, plaintiffs were advised that County would require dedication of several feet of additional right-of-way along the road as a condition of issuing a building permit for construction of their home. Plaintiffs' subsequent requests for waiver of the dedication requirement were denied, and they brought this suit.

DISCUSSION

1. *The Takings Claim*

■ Plaintiffs' first claim alleges the dedication requirement constitutes an uncompensated governmental taking of private property in violation of the Fifth Amendment as applied to states through the Fourteenth Amendment. In addressing this claim, both parties cite and rely on *Nollan v. California Coastal Comm'n,* 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987). As here, the question in *Nollan* was whether a condition on a development permit constituted an unconstitutional taking.

*Nollan* first noted that land use regulations do not effect unconstitutional takings if they substantially advance legitimate state interests and do not deny owners all economically viable uses of their land. *Id.* at 834, 107 S.Ct. at 3147 (citations omitted). The Court then reasoned that a permit condition that serves the same legitimate purpose as would be served by an outright refusal to issue a permit would not constitute a taking if refusal to issue a permit would not constitute a taking. *Id.* at 836, 107 S.Ct. at 3148.

The condition at issue in *Nollan* required conveyance of a public easement to cross the permit applicants' oceanfront land. Because it did not serve the same purpose that a permissible development ban would have, however, the Court held it was an unconstitutional taking. *Id.* at 837, 842, 107 S.Ct. at 3148, 3151. The proposed construction would have burdened oceanward public access to beaches, but the permit condition required the owner to provide only lateral beach access, between public beaches located to the north and south of the applicants' property. The court found this condition did not serve the government interest in protecting oceanward access. *Id.* at 837, 107 S.Ct. at 3148. Though a condition promotes *a* legitimate government interest, the Court reasoned, unless it serves a purpose that would justify prohibiting the proposed development—*i.e.* one directly related to the development—the condition becomes merely a means of obtaining private property for government purposes without compensation. *Id.*

County contends its dedication requirement serves its policy of "increas[ing] the efficiency and aesthetic quality of the trafficways and public transportation...." That policy is set forth in "Policy 36— Transportation System Development Requirements," in the Comprehensive Plan adopted by the County pursuant to ORS 197.010. Policy 36 specifies that the goal of increasing the efficiency of trafficways is to be promoted by, among other means, "requiring ... the dedication of additional right-of-way appropriate to the functional classification of the street." Policy 36 is implemented by sections of the Multnomah County Code (MCC) and by Street Standards regulations promulgated by the Transportation Division of the County Department of Environmental Services.[1]

---

**1.** MCC 11.60.040(c) provides, in part, that the Director of Environmental Services must:

County argues that the dedication requirement substantially advances its interest in increasing road efficiency and aesthetics because it will make possible an actual increase in efficiency, etc. at some time in the future. Further, County contends, it could have refused to issue a building permit to plaintiffs based on the inadequacy of the road in its current condition, as each new house adds incrementally to the potential traffic problem by increasing the number of vehicles. As traffic increases, pressure mounts to bring the road up to County standards. Yet, due to budgetary constraints, County is unable to condemn new rights of way as soon as needed. Dedications make it possible to meet the demand for improved roads which arises from new development, while allocating some of the expense to those who cause the increased demand.

County further argues that its exaction requirement is directly tied to the impacts of new construction. McNamee Road is used primarily by residents living on properties adjacent to it, and each new residence has an incremental impact which, when combined with other, similar impacts, may require improvement of the road.

Plaintiffs characterize the purpose of the dedication requirement as being merely to bring its right-of-way up to the standard width. This purpose, they argue, would not be promoted by prohibiting construction, because such prohibition would not widen the right-of-way. Plaintiffs challenge County's statement that it could have refused to issue a building permit, contending there is no justification to prohibit construction, and thus, no justification under *Nollan* to condition their building permit on a dedication of additional right-of-way.

County's purpose is more fairly characterized as increasing road efficiency and aesthetic quality than bringing roads up to standard widths. This purpose implicitly includes avoiding declines in the road efficiency caused by traffic increases engendered by new development. Such declines are the cumulative result of new residential construction and the associated increase in road use. They can be avoided either by prohibiting new residential development, (provided that property owners are not deprived of all economically viable uses of their land), or by imposing mitigating conditions on such development. Development prohibitions could take the form, *inter alia*, of zoning that would allow only land uses that are less traffic-intensive than residential development.

County's right-of-way dedication requirement mitigates the cumulative impact of residential development on McNamee Road. *Nollan* recognizes the validity of basing land use regulations on the cumulative impact of regulated construction. *Id.* at 836, 107 S.Ct. at 3148. Plaintiffs have cited no authority for their implicit argument that individual proposed developments must be shown to have deleterious impact before conditions can be imposed on them.

The condition struck down in *Nollan* is readily distinguishable. County's dedication requirement mitigates the direct impact of residential development. There was at best an *in* direct connection between the lateral access permit condition imposed in *Nollan* and the policy of protecting oceanward access that it purportedly served. The *Nollan* condition did not directly promote oceanward beach access. Because the condition here serves directly the same interest that could justify a development prohibition, it does not constitute an unconstitutional taking under *Nollan*.

Require the following from property owners, to the extent that they benefit from ... permitted improvements and to the extent that improvements are necessary to implement their share of the plan or protect the public from the undesirable effects of proposed land uses.
(1) Dedication of right-of-way required by county standards.
Similarly, Street Standards § 02.100 states:

Any new construction ... which increases occupancy or traffic, or any land partition or change in land use shall cause the property owner thereof to be responsible for a pro rata share ... of the right-of-way dedication ... necessary to bring the affected ... public streets ... to the current County standard. The commitment ... to dedicate the required right-of-way shall be a condition of approval of a ... building permit.

### 2. *Equal Protection Claim*

Plaintiffs also claim, on two distinct bases, that the dedication requirement denies them equal protection of the law in violation of the Fourteenth Amendment.

Plaintiffs first argue they are treated unequally relative to McNamee Road landowners who built homes before the County adopted the dedication requirement. At oral argument, plaintiffs asserted a variation of this argument, contending they are treated unequally relative to landowners who have not yet (and may never) apply for a building permit. Plaintiffs point out that both of these groups will likely be compensated for such of their land as the County finds necessary to acquire through exercise of its eminent domain powers when it widens the road.

County contends the distinction between these groups is justified by the change in circumstances which led it to adopt the regulations.

As plaintiffs have not contended they constitute, or are members of, a suspect class, these distinctions between how County treats these groups are subject only to rational basis review. *Southern Pacific v. City of Los Angeles*, 922 F.2d 498, 507 (9th Cir.1990). The dedication requirement is a rational means of promoting transportation efficiency. This first basis for the equal protection claim therefore fails.

Plaintiffs' second contention—that they are being required to dedicate ten feet, while others have been required to dedicate only five feet of land—is moot. Defendant only requires that plaintiffs dedicate five feet of land, and contends plaintiffs' prior belief to the contrary was the result of misunderstanding. *See* Ex. A to Deft's Resp. to Plaintiffs' Motion.

### CONCLUSION

Defendant's motion for summary judgment is granted, and plaintiffs' motion for summary judgment is denied.